THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RA-
FAEL BASTIÁN SIMÓN, Defendant and Appellant.

No. 14753. Argued November 6, 1950.—Decided November 15, 1950.

*E. T. Fiddler, José G. González, Tomás I. Nido, Andrés Guille-
mard* and *Julián O. McConnie, Jr.,* for appellant. *Vicente
Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal
of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assist-
ant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Rafael Bastián Simón was accused and convicted of two
violations of § 328 of the Penal Code. About September 4,
1948, and while he was driving a Diesel locomotive from San-
turce to San Juan, due to carelessness, negligence, wanton

recklessness and unskillfulness, he unlawfully collided with a truck in which Luis Eduardo Torres Iglesias and Vicente Ayala Benítez were travelling, as a result of which they suffered serious blows and contusions which caused their death. The cases were tried by the court. The case for the death of Torres Iglesias was submitted on the evidence presented in the *Ayala* case. The court found defendant guilty and in each case imposed on him concurrent sentences from one to two years' imprisonment in the penitentiary but the sentences were suspended pursuant to Act 259 of 1946. In the appeal he assigns two errors which are directed to the weighing of the evidence, alleging that the lower court committed passion, prejudice and partiality.

The evidence of the prosecution tended to prove that on said date defendant was driving Diesel locomotive No. 503 from Santurce to San Juan, pulling about 23 or 25 cars loaded with sugar; that the accident happened at Stop 3 in Puerta de Tierra on the spot in which Valdés Street intersects Fernández Juncos Avenue; that at 8:30 a.m. of the said day, policeman Juan Pedrosa Torres, who was on duty there, gave way to a PRACO truck which was coming from Santurce to San Juan, and intended to turn to the right and go through Valdés Street; that said truck was running slowly and had crossed three of the tracks that run across said street, but that when it tried to cross the fourth one the locomotive driven by defendant collided with the truck and was thrown against the concrete wall of the maritime office; that as a result of the accident the two persons mentioned in the information died; that the gatekeeper posted in said place did not lower the bars; that the locomotive did not blow a whistle or ring the bell before the accident; that it was running quite fast;[1] that after colliding with the truck in which

---

[1] Pedro V. Concepción, gatekeeper and only witness for the prosecution who testified on the speed of the locomotive immediately before the accident, said at first it was going at normal speed, but later, answering questions of the Prosecuting Attorney as well as, of the defense, stated that it was running quite fast.

the decedents were travelling, the locomotive did not halt until it was at a distance of eighty meters approximately; and that although each one of the cars had brakes, the latter were not connected with the locomotive and consequently, did not function.

The evidence of the defense was to the effect that defendant had had fifteen years experience driving locomotives; that he assumed control of the one causing the accident in the place known as Talleres, in Santurce; that he was going from Santurce to San Juan at a speed of about seven and one half miles per hour;[2] that he blew the whistle and rang the bell; that he did not notice if the bars on Valdés Street were down or not; that that was the gatekeeper's duty; that defendant was looking ahead; and that in order to prevent the collision defendant applied the brakes but that the impulse of the train drove it about twenty-five or thirty meters. The defendant himself admitted, however, that the brakes of the cars were not connected before the accident; that he did not notice whether they worked or not and that he thought they were in good condition.

The lower court on finding appellant herein guilty stated the following:

"The court has found that you are guilty of the following negligent acts: you did not connect the brakes of the train before starting it, you did not blow the whistle or ring the bell; the court believes the policeman and the gatekeeper; that you were driving at high speed through that place and did not stop when you saw the bars up; if you did not see the bars you did not stop to look; each one of them constitutes gross negligence for which you are convicted of violation of § 328 of the Penal Code (felony)."

■■ The weighing of the evidence in cases heard by a court always rests in the sound discretion of the trial judge.

---

[2] Witness Juan F. Velázquez, engineer of the railroad company which owns the locomotive, referred generally to 7½ kilometers and 7½ miles when testifying on the speed at which the locomotive was running immediately before the accident.

The findings made by him in this case are unquestionably supported by the evidence.

 We admit that the gross negligence or carelessness contemplated by § 328 of the Penal Code does not mean mere lack of care, but a degree of negligence or carelessness greater than that which is required to obtain compensation in a suit for damages. *People* v. *Rodríguez*, 70 P.R.R. 21, 26. Likewise, that the evidence in this type of cases must be of such a character as to show an utter disregard for the safety of others. *People* v. *Ortiz*, 60 P.R.R. 523, 528. The evidence in the case at bar met those requirements. To drive a locomotive with 23 or 25 cars loaded with sugar in a place of heavy traffic such as the urban zone which extends from Stop 15 to Stop 3, where the accident happened, without making sure whether the brakes of the cars are functioning properly or are duly connected, without blowing a whistle or ringing the bell before reaching the intersection of a street, as well as running at excessive speed, as the lower court believed, constitutes such gross and want of negligence that it shows an utter disregard of the safety of others. Therefore, no error was committed in weighing the evidence.

On the other hand, it has not been shown that the lower court acted with passion, prejudice or partiality.

The judgments appealed from will be affirmed.

